**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | | |
| v. | : | **Civil Action No.** |
| **$38,938.82 in U.S. CURRENCY,** | : | |
| **Defendant** | | |

: : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Evan T. Shea, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.      This is a civil forfeiture action against U.S. currency that constitutes funds involved in violations of 31 U.S.C. § 5324(a) that are subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

## THE DEFENDANTS IN REM

2.      The defendant property consists of **$38,938.82** in U.S. Currency (hereinafter, the "Defendant Property").

3.      The Defendant Property consists of the following funds that were seized on September 23, 2013:

    a.    $18,657.73 from Bank of America account number ********2206 held in the name of "KC Hair Outlet and Salon, Inc."

    b.    $95.80 from Bank of America account number ********1502 held in the name of "KC Hair, Inc. – DBA-KC Hair Outlet."

1

c.      $19,213.66 from Bank of America account number ********1515 held in the name of "KC Hair, Inc. – DBA-KC Hair Outlet;" and

d.      $971.63 from Bank of America account number ********1611 held in the name of "KC Hair, Inc. – DBA-KC Hair Outlet;"

4.      Since seizure, the Defendant Property has been and presently is in the custody of the U.S. Department of Treasury.

## JURISDICTION AND VENUE

5.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 31 U.S.C. 5317(c)(2) and 18 U.S.C. § 981.

6.      This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).  Upon filing this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(B), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplement Rule G(3)(C).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts and omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

8.      The Defendant Property is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) because it was involved in violations of 31 U.S.C. § 5324(a)(3) which makes it an offense to structure currency transactions with a domestic financial institution for the purpose of evading the reporting requirements of 31 U.S.C. § 5313, and the regulations promulgated thereunder, and

2

because it was involved in violations 31 U.S.C. § 5324(a)(1) which makes it an offense to cause a domestic financial institution to fail to file a report required under 31 U.S.C. § 5313 and the regulations promulgated thereunder.

9.        To the extent it is necessary to do so, Plaintiff intends to rely on the provisions of 18 U.S.C. § 984 to establish that the Defendant Property is the property involved in the violations of 31 U.S.C. § 5324 described in the attached affidavit.

10.       The Plaintiff specifically alleges that the conduct that gives rise to the forfeiture of the Defendant Property continued through September 23, 2013, the date of the seizure of the Defendant Property.

## FACTS

10.       The forfeiture is based upon, but not limited to, the evidence outlined in the attached affidavit of Task Force Officer John K. Taylor, Sr. of the Internal Revenue Service, which is incorporated herein by reference.

**WHEREFORE**, the plaintiff prays as follows:

1.    That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2.    That a Warrant of Arrest *in rem* issue to the Department of Treasury commanding the arrest of the Defendant Property;

3.    That Judgment of Forfeiture be decreed against the Defendant Property;

4.    That upon Final Decree of Forfeiture, the Department of Treasury dispose of the Defendant Property according to law; and

5.    That the plaintiff has such other and further relief as the case may require.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

2/25/2014
Date

Evan T. Shea
Assistant United States Attorney
36 S. Charles Street
Fourth floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

4

## VERIFICATION

I, Evan T. Shea, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Internal Revenue Service and that everything contained therein is true and correct to the best of my knowledge and belief.

2/25/2014
_____
Date

_____
Evan T. Shea
Assistant United States Attorney

5

ETS 2013R00131

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, John K. Taylor, Sr. ("your affiant"), a Federal Task Force Officer with the Internal Revenue Service, Criminal Investigation Division ("IRS-CID"), being duly sworn, depose and state:

### BACKGROUND

1.      Your affiant is a Federal Task Force Officer ("TFO") with IRS-CID and has served in that capacity since October of 2010.  Your affiant's official responsibilities include conducting investigations of possible criminal violations of the Bank Secrecy Act (Title 31, United States Code), and other related offenses.  I am empowered by law to investigate and to execute search and seizure warrants, as well as make arrests, for offenses involving the structuring of currency deposits to evade the reporting requirements outlined in Title 31 of the United States Code.

2.      While performing my duties, your affiant has participated in several investigations involving violations of Title 31 and Title 18 of the United States Code.  Your affiant has participated in executing several search and seizure warrants related to these types of investigations.

3.      Your affiant has successfully completed several training seminars conducted by the Department of Treasury, the Internal Revenue Service, and the Department of Justice.  The training included courses in criminal law, criminal investigative techniques, search and seizure warrants, financial investigative techniques, accounting, and tax.

4.      Prior to being detailed as a Federal TFO, your affiant has been a member of the Baltimore Police Department since April 1991.  In December 2004, your affiant was assigned to supervise the department's Asset Forfeiture Unit.  As the unit supervisor, your affiant conducted

1

ETS 2013R00131

many proactive asset forfeiture investigations of individuals and businesses involved in narcotic distribution. Your affiant has participated in numerous state-issued search and seizure warrants resulting in the seizure of U.S. currency, illegal narcotics, weapons, vehicles, and real property.

5.    Unless otherwise stated, the information in this affidavit is either personally known to your affiant or has been provided to your affiant by other law enforcement officers and/or is based on a review of various documents and records as more particularly described herein.

## OBJECTIVE

6.    This affidavit is submitted in support of the Application made by the United States of America for a Seizure Warrant authorizing the seizure of United States currency from the following bank accounts:[1]

    a.  $76,000.00 contained in Bank of America ("BOA") account number 446024591515 held in the name of "KC HAIR, INC. – DBA-KC HAIR OUTLET;"

    b.  $112,684.00 contained in BOA account number 446012142206 held in the name of "KC HAIR OUTLET AND SALON, INC;"

    c.  $17,000.00 contained in BOA account number 446023661611 held in the name of "KC HAIR, INC. – DBA-KC HAIR OUTLET;" and

    d.  $38,000.00 contained in BOA account number 446024591502 held in the name of "KC HAIR, INC. – DBA-KC HAIR OUTLET."

For the reasons stated herein, there is probable cause to believe that such monies are subject to seizure and forfeiture to the United States pursuant to 31 U.S.C. § 5317(c)(1) and (2), on the grounds that they constitute property involved in or traceable to cash deposits structured to avoid

---

[1] See "Applicable Forfeiture Principles" section, paragraphs 20-29, for a further explanation of the seizure amounts being requested.

ETS 2013R00131

currency reporting requirements in violation of 31 U.S.C. § 5324 (a)(1) and (3). Moreover, there

is probable cause to believe that the funds in the specified bank accounts are subject to criminal

forfeiture pursuant to 31 U.S.C. § 5317(c)(1) because they have the same value as funds that

were involved in violations of the above-referenced currency structuring statutes, and thus may

be seized pursuant to 21 U.S.C. § 853(f) and forfeited as substitute assets pursuant to 21 U.S.C. §

853(p).

## CURRENCY TRANSACTION REPORTS AND STRUCTURING

7.      Title 31, U.S.C. § 5313 and 31 C.F.R. § 1010 of the Bank Secrecy Act (BSA)

require any financial institution that engages with a customer in a currency transaction (i.e., a

deposit or withdrawal) in excess of $10,000 to report the transaction to the Internal Revenue

Service on the Department of the Treasury's FinCEN Form 104, Currency Transaction Report

("CTR"). These regulations also require that multiple transactions be treated as a single

transaction if the financial institution has knowledge that they are by, or on behalf of, the same

person, and they result in currency either received or disbursed by the financial institution

totaling more than $10,000 during any one business day.

8.      CTRs are often used by law enforcement to uncover a wide variety of illegal

activities including narcotics trafficking, money laundering, and tax evasion. Many individuals

involved in these illegal activities are aware of such reporting requirements and take active steps

to attempt to cause financial institutions to fail to file CTRs. These active steps are often referred

to as "smurfing" or "structuring."

9.      As explained by the Fourth Circuit Court of Appeals in *United States v. Peterson*,

607 F.3d 975 (4th Cir. 2010), structuring can take several forms. Making multiple deposits of

$10,000 or less into the same bank on the same day, with the total exceeding $10,000, is called

ETS 2013R00131

"imperfect structuring" because the bank's obligation to file a CTR is triggered notwithstanding the customer's intent to evade it. Making multiple deposits into *different* banks on the same day, with no one deposit exceeding $10,000, but with the total being in excess of that amount, is called "perfect structuring" because no one bank has a duty to file a CTR. Imperfect structuring is a violation of 31 U.S.C. § 5324(a)(1), and perfect structuring is a violation of 31 U.S.C. § 5324(a)(3). *Peterson,* 607 F.3d at 981.

10.     Not all structuring offenses involve breaking up sums in excess of $10,000 into smaller amounts on a single day. To the contrary, under 31 C.F.R. 1010.100(xx) a person may commit "serial structuring" if he or she deposits or withdraws $10,000 or less each day over a period of several days (or longer) with the intent to evade the reporting requirement. Serial structuring is a violation of 31 U.S.C. § 5324(a)(3). *Peterson,* 607 F.3d at 979. *See United States v. Van Allen,* 524 F.3d 814, 820-21 (7th Cir. 2008).

11.     To prove a violation of Section 5324(a), the Government is required to prove only that a currency transaction or series of currency transactions exceeding $10,000 was structured within the meaning of 31 C.F.R. 1010.100(xx), and that the person conducting the transaction intended to evade the currency reporting requirement. It is not necessary to show that the person knew that structuring was illegal. *United States v. Ismail,* 97 F.3d 50, 56 (4th Cir. 1996).

## FACTS SUPPORTING PROBABLE CAUSE THAT STRUCTURING VIOLATIONS OCCURRED

12.     JACK SEUNG GOH is the owner/operator of KC HAIR INC. and KC HAIR OUTLET & SALON, INC, which operates retail beauty outlets and hair salon businesses in Baltimore City, Maryland. KC HAIR INC. filed Articles of Incorporation in the State of Maryland on September 9, 2011 listing JACK SEUNG GOH as the corporate director. JACK SEUNG GOH is also listed as the company's resident agent. KC HAIR OUTLET & SALON,

ETS 2013R00131

INC. filed Articles of Incorporation in the State of Maryland on November 15, 2010 listing JACK SEUNG GOH as the corporate director.   JACK SEUNG GOH is also listed as the company's resident agent.

13.     The KC HAIR, INC. is located at 2403 Frederick Avenue, Baltimore, Maryland 21223 and KC HAIR OUTLET & SALON, INC. is located at 8024 Liberty Road, Baltimore, MD  21244.   Records maintained by BOA reveal that JACK SEUNG GOH maintains six business checking accounts at BOA, account numbers 446012142206, 446012142196, 446022180821, 446023661611, 446024591502, and 446024591515 held under the names "KC HAIR, INC.," "KC HAIR OUTLET AND SALON, INC.," and "KC HAIR OUTLET."  The BOA accounts 446012142206, 446012142196, and 446022180821 were opened at the West Friendship Branch on November 17, 2010.  The BOA accounts 446023661611, 446024591502, and 446024591515 were opened at the Saint John's Plaza Branch on October 13, 2011.  All of accounts list JACK SEUNG GOH (President) and CHRISTINE CHU (Vice President) as the authorized signors.   The mailing address listed on the most recent bank statements for all six BOA accounts is 2403 Frederick Avenue, Baltimore, MD  21223.

14.     Based on the information outlined in this affidavit, as well as my knowledge, training, and experience, it is your affiant's belief that the cash deposited into BOA account numbers 446012142206, 446012142196, 446022180821, 446023661611, 446024591502, and 446024591515, held in the name of "KC HAIR, INC.," "KC HAIR OUTLET AND SALON, INC.," and "KC HAIR OUTLET" were acquired in amounts exceeding $10,000 and broken up into separate deposits in amounts less than $10,001, or were deposited in a series of transactions in amounts less than $10,001, in an attempt to evade triggering the CTR reporting requirement.

ETS 2013R00131

15.    From November 17, 2010, through April 29, 2013, a total of 214 individual currency deposits totaling $1,457,800 were made into "KC HAIR, INC.," "KC HAIR OUTLET AND SALON, INC.," and "KC HAIR OUTLET" business accounts.  Attachment A is a schedule of the cash deposits made during this period of time and clearly shows the structured manner in which the deposits were made.  For instance:

- Of the 214 individual currency deposits that were made, none exceeded the $10,000 CTR reporting requirement threshold;

- Exactly $9,000 was deposited 6 times;

- Exactly $8,500 was deposited 1 time;

- Exactly $8,000 was deposited 137 times;

- Exactly $7,500 was deposited 1 time;

- Exactly $7,000 was deposited 10 times;

- Exactly $6,000 was deposited 22 times;

- On 74 separate occasions, cash deposits were made on consecutive days into one of the business accounts, each under $10,001 when treated individually but exceeded the $10,000 threshold when aggregated;

- On one occasion, on January 23, 2012, cash deposits were made on the same day into one of two business accounts, each under $10,001 when treated individually but exceeded the $10,000 threshold when aggregated; and

- On 10 separate occasions, cash deposits were made with a three-day period that when aggregated, exceeded the $10,001 CTR reporting requirement threshold.

16.    Attachment A reflects instances where cash was repeatedly deposited in amounts just below the CTR reporting requirement threshold (i.e. between $8,000 and $9,000) and no

6

ETS 2013R00131

more than $10,000 was deposited into the same business account on the same banking day. For instance, the following is a summary of the cash deposits that were made into four separate "KC HAIR, INC.," "KC HAIR OUTLET AND SALON, INC.," and "KC HAIR OUTLET" BOA business accounts (x1502, x1515, x1611, and x2206) on a daily basis between Monday, September 24, 2012 and Thursday, September 27, 2012:

| DATE | AMOUNT |
|------|--------|
| 09/24/2012 | $8,000 |
| 09/25/2012 | $8,000 |
| 09/26/2012 | $8,000 |
| 09/27/2012 | $8,500 |
| | $32,500 |

As mentioned in paragraph ten, such activity is often referred to as "serial structuring" and is a violation of Title 31 U.S.C. § 5324(a)(3) because by consistently keeping cash deposits just below the CTR reporting requirement of $10,001, and not depositing more than $10,000 into the same business account on any one banking day, the bank did not have a duty to file a CTR. Taking such steps demonstrates knowledge of the $10,000 reporting requirement threshold and a concerted effort to keep cash deposits just below that amount.

17.     As stated in paragraph 15, on 85 separate occasions multiple cash deposits were made either on the same day, on consecutive days, or within a three-day period in amounts under $10,001 when treated individually but exceed the $10,000 threshold amount when aggregated. Based on my training, knowledge, and experience, I know that when individuals conduct multiple cash deposits within such a short period of time (e.g. same day, consecutive days,

7

ETS 2013R00131

and/or within a three-day period), this activity suggests that the cash was acquired in amounts exceeding $10,000 and broken up into separate deposits each less than $10,001.

18.     On one occasion multiple cash deposits under $10,001 were made on the same day, at different branches, that when aggregated exceeded the $10,000 threshold.  On January 23, 2012 at 9:10 a.m., an $8,000 cash deposit was made into BOA account 446012142206 at the Washington Boulevard Branch.  Approximately 59 minutes later, at 10:09 a.m., a $1,500 cash deposit was made into BOA account 446024591515 at the Clarksville Branch located approximately 19.8 miles away and then approximately 74 minutes later another cash deposit of $7,000 was made into BOA account 446024591515 at the Waterloo Branch located approximately 10.4 miles away.  The intentional use of three different branches on one day to conduct cash deposits within minutes of each other demonstrates knowledge of the bank's reporting obligation and a conscious attempt to avoid it.

19.     In all, from November 2010 through April 2013, 214 individual cash deposits were made into "KC HAIR, INC.," "KC HAIR OUTLET AND SALON, INC.," and "KC HAIR OUTLET" business accounts totaling $1,457,800.  Of the 214 currency deposits, none exceeded the $10,000 CTR reporting requirement threshold.  In addition, there were 74 occasions in which multiple cash deposits totaling over $10,000 were made into the business accounts on consecutive days.  *See United States v. MacPherson*, 424 F.3d 183, 195 (2d Cir. 2005) (the jury may infer defendant's knowledge of the reporting requirement and his intent to evade it from the pattern of his transactions); *United States v. Abdelbary*, ___ Fed. Appx. ___, 2012 WL 5352515 (4th Cir. Oct. 31, 2012) (following *MacPherson*; pattern of structured withdrawals itself is sufficient to support jury's verdict that defendant knew of the reporting requirement and intended to evade it).  In this case, your affiant submits that depositing over $800,000 in 74 sub-$10,001

8

ETS 2013R00131

transactions, with multiple cash deposits often occurring on consecutive days represents powerful circumstantial evidence.

## APPLICABLE FORFEITURE PRINCIPLES

20.     Based on my training and experience, I know that 31 U.S.C. § 5317(c) provides for the civil and criminal forfeiture of "any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy." I also know that the civil forfeiture of such property is governed by the procedures in 18 U.S.C. § 981, and that criminal forfeiture is governed by the procedures in 21 U.S.C. § 853.

21.     In the case of criminal forfeiture, I also know that the Government is entitled to seize and forfeit substitute property if the property directly involved in the structuring offense is no longer available. *See* 21 U.S.C. § 853(p). Whereas in the case of civil forfeiture, the Government must trace the property to the underlying offense unless the requirements of the fungible property statute, 18 U.S.C. § 984, are satisfied.

22.     Based on my training and experience, I know that property subject to forfeiture may be seized pursuant to a warrant based on probable cause. *See* 18 U.S.C. § 981(b); 21 U.S.C. § 853(f). I am further advised that "probable cause" means simply a reasonable ground for belief that goes beyond mere suspicion but need not amount to prima facie proof. 820 F. Supp. at 251-52. This standard requires courts to make a practical, common sense decision whether, given all the circumstances, a fair probability exists that the property to be forfeited was involved in or was the subject of a transaction violating section 5324. Id. *See also United States v. Thomas,* 913 F.2d 1111, 1114 (4th Cir. 1990).

ETS 2013R00131

23.    Accordingly, to seize the property from the referenced bank accounts in this case for criminal forfeiture, the Government must show that there is probable cause to believe that structuring violations occurred, and that the funds in the accounts are equal in value to the funds involved in the structuring violations so that the funds presently in the accounts may be forfeited as substitute assets.  Moreover, to seize the property in the bank accounts for civil forfeiture, the Government must show that there is probable cause to believe that structuring violations occurred, and that the funds presently in the accounts are traceable to the structured funds.

24.    With respect to the tracing requirement, I am advised that for the purpose of establishing probable cause, the Government is not required to strictly trace the funds in the accounts at the time of seizure to the offense giving rise to the forfeiture.  Rather, given the volatility in bank accounts, it is sufficient to show that a given sum of forfeitable money was deposited into an account and that the amount to be seized does not exceed that sum.  *See United States v. Dupree*, 781 F. Supp. 2d 115, 135 (E.D.N.Y. 2011) (there is probable cause for the seizure of funds in a bank account if there is a showing that the value of the criminal proceeds deposited into the account exceeds the current balance in the account or the amount the Government is seeking to seize; the probable cause affidavit does not have to negate the possibility that legitimate funds have replaced the criminal proceeds; that is an issue for trial).

25.    In this case, your affiant submits that based on the evidence set forth in Attachment A, there is probable cause to believe that within the last year (from September 30, 2012), $112,684.00 in structured cash deposits were made into BOA account number 446012142206 held in the name "KC HAIR OUTLET AND SALON, INC.," $17,000 in structured cash deposits were made into BOA account number 446023661611 held in the name of "KC HAIR, INC – DBA-KC HAIR OUTLET", $38,000 in structured cash deposits were

ETS 2013R00131

made into BOA account number 446024591502 held in the name of "KC HAIR, INC – DBA-KC HAIR OUTLET," and $76,000 in structured cash deposits made into BOA account number 446024591515 held in the name of "KC HAIR, INC – DBA-KC HAIR OUTLET." Therefore, I have probable cause to believe that the funds now in the accounts are traceable to the property involved in structuring offenses in violation of Section 5324(a)(1) and (3) and are subject to civil forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

26.     I am further advised that pursuant to 18 U.S.C. § 984, currency in a bank account is considered fungible for one year from the date of the offense. Accordingly, even if the Government were required to establish strict tracing of forfeitable funds to a bank account to satisfy the probable cause requirement for civil forfeiture, any volatility in the bank account within one year of the execution of the seizure warrant may be disregarded. *See United States v. $79,650 Seized from ...Afework*, 2009 WL 331294, at *3 (E.D. Va. Feb. 9, 2009) (§ 984 "loosens the burden on the Government to 'trace' forfeitable property" if the property is fungible property found in the same place or account as the directly forfeitable property, and the action is commenced within one year).

27.     Moreover, to the extent that any or all of the funds directly traceable to the property involved in the structuring offenses have become unavailable, the Government is entitled to criminally forfeit substitute assets up to the value of the missing property. Accordingly, even if the funds presently in the referenced accounts were not traceable to the structuring offenses, they would be subject to seizure and forfeiture as substitute assets in a criminal forfeiture case pursuant to 31 U.S.C. § 5317(c)(1) and 21 U.S.C. § 853(p).

28.     Property subject to civil forfeiture may be seized pursuant to 18 U.S.C. § 981(b), and property subject to criminal forfeiture, including substitute assets, may be seized pursuant to

11

ETS 2013R00131

21 U.S.C. § 853(f).  *See United States v. Martin*, 460 F. Supp. 2d 669, 677 (D. Md. 2006) (substitute assets may be seized pretrial pursuant to section 853(f)).  In cases where the Government is not certain at the time of the seizure if it will pursue civil or criminal forfeiture, courts may issue the seizure warrant under both statutes. *See United States v. Lewis*, 2006 WL 1579855, at *4 (D. Minn. June 1, 2006).

29.    The probable cause showing is the same for Sections 981(b) and 853(f), except that the latter also requires a showing that a restraining order "may not be sufficient to assure the availability of the property for forfeiture."  Based on my training and experience, I know that restraining orders served on banks sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder.  In contrast, where electronic funds are concerned, a seizure warrant guarantees that the funds will be in the Government's custody once the warrant is served.  Moreover, I have contacted the bank and know that the current balance in the subject bank account is well below the amount reflected in the structured deposits, indicating that a large portion of the forfeitable property has already been taken from the account. *See United States v. Dupree*, 2011 WL 1004824, at *12 (E.D.N.Y. Mar. 18, 2011) (the Government may satisfy § 853(f) by showing that some of the criminal proceeds deposited into a bank account have already been depleted because that illustrates that the funds not only could be moved, but that some of them already *have been* moved)."

## CONCLUSION

12

13-2249TJS - 13-2252TJS

ETS 2013R00131

30.     Wherefore, it is hereby requested that Special Agents and/or Task Force Officers of the Internal Revenue Service be authorized to seize, pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f), $112,684.00 contained in BOA account number 446012142206 held in the name of "KC HAIR OUTLET AND SALON, INC.," $17,000 contained in BOA account 446023661611 held in the name of "KC HAIR, INC. – DBA-KC HAIR OUTLET," $38,000 contained in BOA account 446024591502 held in the name of "KC HAIR, INC – DBA-KC HAIR OUTLET," and $76,000 contained in BOA account number 446024591515 held in the name of "KC HAIR, INC – DBA-KC HAIR OUTLET." Based on the foregoing, your affiant submits that there is probable cause to believe that these funds constitute property involved in or traceable to cash deposits structured to avoid currency reporting requirements in violation of 31 U.S.C. § 5324(a)(1) and (3), or constitute substitute assets, which are subject to forfeiture to the United States pursuant to the provisions of 31 U.S.C. § 5317(c).

John K. Taylor, Sr.
Task Force Officer, IRS-CID

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___19th___ day of September, 2013.

_____
Timothy J. Sullivan
United States Magistrate Judge

13



**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446022180821 - KC Hair Outlet and Salon, Inc.
November 17, 2010 through April 29, 2013

| Deposit Date | Time | Account # | Cash Deposit | Notes | Branch |
|---|---|---|---|---|---|
| Wednesday, November 17, 2010 | | 446012142196 | 500.00 | (Account Opened) | St. John's Plaza |
| Wednesday, November 17, 2010 | | 446022180821 | 500.00 | (Account Opened) | W.Friendship |
| Tuesday, November 30, 2010 | 11:41 AM | 446022180821 | 8,000.00 | | W.Friendship |
| Friday, December 03, 2010 | | 446022180821 | 8,000.00 | | W.Friendship |
| Friday, December 10, 2010 | 3:32 PM | 446022180821 | 6,000.00 | | W.Friendship |
| Tuesday, December 14, 2010 | 11:54 AM | 446022180821 | 5,000.00 | | W.Friendship |
| Thursday, December 16, 2010 | 9:57 AM | 446012142206 | 500.00 | | W.Friendship |
| Monday, December 20, 2010 | 11:23 AM | 446022180821 | 2,000.00 | | W.Friendship |
| Thursday, December 30, 2010 | 1:03 PM | 446022180821 | 1,500.00 | | W.Friendship |
| Tuesday, January 04, 2011 | 1:39 PM | 446022180821 | 6,000.00 | | W.Friendship |
| Thursday, January 06, 2011 | 12:36 PM | 446022180821 | 4,000.00 | | W.Friendship |
| Wednesday, February 09, 2011 | 9:06 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Thursday, February 10, 2011 | 11:46 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, February 11, 2011 | 9:26 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, February 14, 2011 | 1:18 PM | 446022180821 | 5,500.00 | | Forty West |
| Wednesday, February 16, 2011 | 12:31 PM | 446012142196 | 8,000.00 | **3-Day Period** | W.Friendship |
| Thursday, February 17, 2011 | 9:08 AM | 446012142196 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, February 18, 2011 | 3:55 PM | 446012142196 | 4,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, February 23, 2011 | 11:33 AM | 446012142206 | 8,000.00 | | Clarksville |
| Thursday, February 24, 2011 | 9:21 AM | 446022180821 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, February 25, 2011 | 9:24 AM | 446012142196 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Tuesday, March 01, 2011 | 9:01 AM | 446012142206 | 8,000.00 | | Franklintown Rd. |

13-2249TJS / 13-2252TJS

ATTACHMENT A
SCHEDULE OF CASH DEPOSITS
Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446022180821 - KC Hair Outlet and Salon, Inc.
November 17, 2010 through April 29, 2013

| Deposit Date | Time | Account # | Cash Deposit | Notes | Branch |
|---|---|---|---|---|---|
| Wednesday, March 02, 2011 | 1:32 PM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, March 07, 2011 | 11:34 AM | 446012142206 | 3,000.00 | **Same Day/Separate Accounts** | W.Friendship |
| Monday, March 07, 2011 | | 446022180821 | 6,000.00 | **Same Day/Separate Accounts** | Forty West |
| Tuesday, March 08, 2011 | 9:29 AM | 446012142206 | 8,000.00 | **Consecutive Day** | Washington Blvd. |
| Thursday, March 10, 2011 | 12:36 PM | 446012142206 | 8,000.00 | **3-Day Period** | St. John's Plaza |
| Monday, March 14, 2011 | 9:48 AM | 446012142206 | 8,000.00 | | Forty West |
| Thursday, March 17, 2011 | 9:17 AM | 446012142206 | 9,000.00 | | St. John's Plaza |
| Friday, March 18, 2011 | 10:06 AM | 446012142206 | 9,000.00 | **Consecutive Day** | W.Friendship |
| Monday, March 21, 2011 | 9:33 AM | 446012142206 | 6,000.00 | **Same Day/Separate Accounts** | W.Friendship |
| Monday, March 21, 2011 | 2:24 PM | 446022180821 | 2,000.00 | **Same Day/Separate Accounts** | W.Friendship |
| Wednesday, March 23, 2011 | 9:24 AM | 446012142206 | 8,000.00 | **3-Day Period** | W.Friendship |
| Thursday, April 14, 2011 | 11:10 AM | 446012142206 | 7,000.00 | | W.Friendship |
| Friday, April 29, 2011 | 9:11 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Wednesday, May 04, 2011 | 3:31 PM | 446012142206 | 7,000.00 | | W.Friendship |
| Thursday, May 05, 2011 | | 446012142206 | 9,000.00 | **Consecutive Day** | W.Friendship |
| Monday, May 09, 2011 | 12:38 PM | 446012142206 | 6,000.00 | | W.Friendship |
| Thursday, May 12, 2011 | 2:15 PM | 446012142206 | 5,500.00 | | W.Friendship |
| Monday, May 23, 2011 | 11:38 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Friday, June 03, 2011 | 11:08 AM | 446012142206 | 6,000.00 | | W.Friendship |
| Tuesday, June 07, 2011 | 2:20 PM | 446012142206 | 8,000.00 | | W.Friendship |
| Monday, June 13, 2011 | 9:47 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Tuesday, June 21, 2011 | 1:20 PM | 446012142206 | 6,000.00 | | W.Friendship |
| Tuesday, June 28, 2011 | 10:00 AM | 446012142206 | 7,000.00 | | W.Friendship |

13-2249TJS ~ 13-2252TJS

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446022180821 – KC Hair Outlet and Salon, Inc.
November 17, 2010 through April 29, 2013

| Deposit Date | Time | Account # | Cash Deposit | Notes | Branch |
|---|---|---|---|---|---|
| Monday, August 15, 2011 | 10:52 AM | 446012142206 | 2,000.00 | | W.Friendship |
| Friday, August 19, 2011 | 9:26 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Monday, August 22, 2011 | 12:29 PM | 446012142206 | 8,000.00 | | W.Friendship |
| Monday, August 29, 2011 | 11:48 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Wednesday, August 31, 2011 | 10:14 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Friday, September 02, 2011 | 3:45 PM | 446012142206 | 8,000.00 | **3-Day Period** | W.Friendship |
| Tuesday, September 06, 2011 | 10:14 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Wednesday, September 07, 2011 | 11:35 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, September 14, 2011 | 10:59 AM | 446012142206 | 7,000.00 | | W.Friendship |
| Thursday, September 15, 2011 | 9:09 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, September 19, 2011 | 9:37 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Monday, September 26, 2011 | 9:33 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Friday, September 30, 2011 | 4:37 PM | 446012142206 | 8,000.00 | | W.Friendship |
| Monday, October 03, 2011 | 9:04 AM | 446012142206 | 6,000.00 | | W.Friendship |
| Thursday, October 13, 2011 | 11:23 AM | 446024591515 | 500.00 | (Account Opened) | W.Friendship |
| Thursday, October 13, 2011 | 3:34 PM | 446012142206 | 8,000.00 | | W.Friendship |
| Thursday, October 13, 2011 | 11:23 AM | 446023661611 | 500.00 | (Account Opened) | W.Friendship |
| Thursday, October 13, 2011 | 11:22 AM | 446024591502 | 500.00 | (Account Opened) | W.Friendship |
| Tuesday, October 18, 2011 | 4:59 PM | 446012142206 | 6,000.00 | | W.Friendship |
| Friday, October 21, 2011 | 9:12 AM | 446012142206 | 7,000.00 | | W.Friendship |
| Friday, November 04, 2011 | 12:09 PM | 446024591515 | 6,000.00 | | W.Friendship |
| Thursday, November 10, 2011 | 12:34 PM | 446012142206 | 8,000.00 | | Forty West |
| Monday, November 14, 2011 | 5:06 PM | 446012142206 | 8,000.00 | | W.Friendship |

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446022180821 - KC Hair Outlet and Salon, Inc.
November 17, 2010 through April 29, 2013

| Deposit Date | Time | Account # | Cash Deposit | Notes | Branch |
|---|---|---|---|---|---|
| Thursday, November 17, 2011 | 1:10 PM | 446012142206 | 8,000.00 | | W.Friendship |
| Monday, November 21, 2011 | 10:30 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Tuesday, November 22, 2011 | 1:13 PM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, November 23, 2011 | 9:02 AM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, November 25, 2011 | 2:04 PM | 446024591515 | 8,000.00 | | W.Friendship |
| Tuesday, November 29, 2011 | 10:09 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Wednesday, November 30, 2011 | 9:01 AM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| .Thursday, December 01, 2011 | 9:56 AM | 446024591515 | 8,000.00 | **Consecutive Day** | Arundel Mills |
| Friday, December 02, 2011 | 10:27 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, December 05, 2011 | 12:11 PM | 446024591515 | 8,000.00 | | W.Friendship |
| Tuesday, December 06, 2011 | 10:22 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, December 07, 2011 | 12:32 PM | 446024591515 | 9,000.00 | **Consecutive Day** | W.Friendship |
| Thursday, December 08, 2011 | 9:58 AM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, December 09, 2011 | 9:25 AM | 446024591515 | 600.00 | **Same Day/Same Account** | Forty West |
| Friday, December 09, 2011 | 9:11 AM | 446024591515 | 9,000.00 | **Same Day/Same Account** | W.Friendship |
| Monday, December 12, 2011 | 9:07 AM | 446012142206 | 6,000.00 | | Rockdale |
| Tuesday, December 13, 2011 | 11:00 AM | 446024591515 | 8,000.00 | **Consecutive Day** | Clarksville |
| Wednesday, December 14, 2011 | 9:03 AM | 446024591515 | 8,000.00 | **Consecutive Day** | Rockdale |
| Friday, December 16, 2011 | 5:09 PM | 446024591515 | 7,000.00 | **3-Day Period** | Clarksville |
| Tuesday, December 20, 2011 | 10:15 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Wednesday, December 21, 2011 | 9:08 AM | 446024591515 | 8,000.00 | **Consecutive Day** | St. John's Plaza |
| Thursday, December 22, 2011 | 9:29 AM | 446012142206 | 9,000.00 | **Consecutive Day** | W.Friendship |
| Tuesday, December 27, 2011 | 10:25 AM | 446024591515 | 8,000.00 | | Clarksville |

13-2249TJS — 13-2252TJS

<table>
<tr><td colspan="6">ATTACHMENT A<br>SCHEDULE OF CASH DEPOSITS<br>Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)<br>Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.<br>Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)<br>Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)<br>Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.<br>Bank of America Account 446022180821 - KC Hair Outlet and Salon, Inc.<br>November 17, 2010 through April 29, 2013</td></tr>
<tr><th>Deposit Date</th><th>Time</th><th>Account #</th><th>Cash Deposit</th><th>Notes</th><th>Branch</th></tr>
<tr><td>Wednesday, December 28, 2011</td><td>9:04 AM</td><td>446024591515</td><td>8,000.00</td><td>**Consecutive Day**</td><td>W.Friendship</td></tr>
<tr><td>Thursday, December 29, 2011</td><td>1:03 PM</td><td>446024591515</td><td>8,000.00</td><td>**Consecutive Day**</td><td>W.Friendship</td></tr>
<tr><td>Friday, December 30, 2011</td><td>9:10 AM</td><td>446024591515</td><td>8,000.00</td><td>**Consecutive Day**</td><td>W.Friendship</td></tr>
<tr><td>Tuesday, January 03, 2012</td><td>9:09 AM</td><td>446024591515</td><td>7,500.00</td><td></td><td>W.Friendship</td></tr>
<tr><td>Thursday, January 05, 2012</td><td>1:45 PM</td><td>446012142206</td><td>6,000.00</td><td>**3-Day Period**</td><td>W.Friendship</td></tr>
<tr><td>Monday, January 09, 2012</td><td>1:45 PM</td><td>446012142206</td><td>3,700.00</td><td></td><td>W.Friendship</td></tr>
<tr><td>Tuesday, January 17, 2012</td><td>10:09 AM</td><td>446024591515</td><td>8,000.00</td><td>**3-Day Period**</td><td>W.Friendship</td></tr>
<tr><td>Thursday, January 19, 2012</td><td>11:45 AM</td><td>446024591515</td><td>5,000.00</td><td>**Same Day/Separate Accounts**</td><td>W.Friendship</td></tr>
<tr><td>Thursday, January 19, 2012</td><td>11:47 AM</td><td>446012142206</td><td>4,000.00</td><td>**Same Day/Separate Accounts**</td><td>W.Friendship</td></tr>
<tr><td>Friday, January 20, 2012</td><td>5:15 PM</td><td>446012142206</td><td>8,000.00</td><td>**Consecutive Day**</td><td>W.Friendship</td></tr>
<tr><td>Monday, January 23, 2012</td><td>10:09 AM</td><td>446024591515</td><td>1,500.00</td><td>**Same Day/Separate Accounts**</td><td>Clarksville</td></tr>
<tr><td>Monday, January 23, 2012</td><td>11:23 AM</td><td>446024591515</td><td>7,000.00</td><td>**Same Day/Separate Accounts**</td><td>Waterloo</td></tr>
<tr><td>Monday, January 23, 2012</td><td>9:10 AM</td><td>446012142206</td><td>8,000.00</td><td>**Same Day/Separate Accounts**</td><td>Washington Blvd.</td></tr>
<tr><td>Tuesday, January 24, 2012</td><td>10:07 AM</td><td>446012142206</td><td>2,000.00</td><td>**Consecutive Day**</td><td>St. John's Plaza</td></tr>
<tr><td>Tuesday, January 24, 2012</td><td>9:33 AM</td><td>446012142206</td><td>6,000.00</td><td>**Same Day/Same Account**</td><td>W.Friendship</td></tr>
<tr><td>Wednesday, January 25, 2012</td><td>4:12 PM</td><td>446024591515</td><td>3,000.00</td><td>**Consecutive Day**</td><td>W.Friendship</td></tr>
<tr><td>Wednesday, January 25, 2012</td><td>11:16 AM</td><td>446012142206</td><td>4,500.00</td><td>**Same Day/Separate Accounts**</td><td>W.Friendship</td></tr>
<tr><td>Thursday, January 26, 2012</td><td>4:31 PM</td><td>446024591515</td><td>2,000.00</td><td>**Consecutive Day**</td><td>W.Friendship</td></tr>
<tr><td>Thursday, January 26, 2012</td><td>9:51 AM</td><td>446012142206</td><td>3,000.00</td><td>**Same Day/Separate Accounts**</td><td>W.Friendship</td></tr>
<tr><td>Friday, January 27, 2012</td><td>9:44 AM</td><td>446012142206</td><td>5,000.00</td><td>**Consecutive Day**</td><td>W.Friendship</td></tr>
<tr><td>Monday, January 30, 2012</td><td>1:49 PM</td><td>446024591515</td><td>8,000.00</td><td></td><td>W.Friendship</td></tr>
<tr><td>Tuesday, January 31, 2012</td><td>10:11 AM</td><td>446024591515</td><td>8,000.00</td><td>**Consecutive Day**</td><td>W.Friendship</td></tr>
<tr><td>Wednesday, February 01, 2012</td><td>9:09 AM</td><td>446024591515</td><td>8,000.00</td><td>**Consecutive Day**</td><td>St. John's Plaza</td></tr>
</table>

13-2249TJS - 13-2252TJS

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446022180821 - KC Hair Outlet and Salon, Inc.
November 17, 2010 through April 29, 2013

| Deposit Date | Time | Account # | Cash Deposit | Notes | Branch |
|---|---|---|---|---|---|
| Thursday, February 02, 2012 | 10:22 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, February 03, 2012 | 9:46 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Tuesday, February 07, 2012 | 9:50 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Friday, February 10, 2012 | 11:46 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Monday, February 13, 2012 | 9:03 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Tuesday, February 14, 2012 | 9:03 AM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, February 22, 2012 | 10:06 AM | 446023661611 | 8,000.00 | | W.Friendship |
| Thursday, February 23, 2012 | 9:05 AM | 446024591515 | 7,000.00 | **Consecutive Day** | W.Friendship |
| Friday, February 24, 2012 | 2:23 PM | 446012142206 | 8,000.00 | **Consecutive Day** | Clarksville |
| Monday, February 27, 2012 | 9:03 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Tuesday, February 28, 2012 | 9:42 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, February 29, 2012 | 11:24 AM | 446012142206 | 8,000.00 | **Consecutive Day** | Spring Mountain |
| Thursday, March 01, 2012 | 9:20 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, March 02, 2012 | 9:05 AM | 446024591515 | 8,000.00 | **Consecutive Day** | St. John's Plaza |
| Monday, March 05, 2012 | 9:33 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Tuesday, March 06, 2012 | 9:03 AM | 446023661611 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, March 07, 2012 | 11:57 AM | 446023661611 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, March 12, 2012 | 10:54 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Monday, March 19, 2012 | 12:01 PM | 446024591515 | 8,000.00 | | W.Friendship |
| Wednesday, March 21, 2012 | 9:45 AM | 446012142196 | 8,000.00 | **3-Day Period** | W.Friendship |
| Friday, March 23, 2012 | 10:33 AM | 446024591515 | 8,000.00 | **3-Day Period** | W.Friendship |
| Tuesday, March 27, 2012 | 10:38 AM | 446023661611 | 8,000.00 | **3-Day Period** | W.Friendship |
| Thursday, March 29, 2012 | 9:10 AM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |

13-2249TJS - 13-2252TJS

ATTACHMENT A
SCHEDULE OF CASH DEPOSITS
Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446022180821 - KC Hair Outlet and Salon, Inc.
November 17, 2010 through April 29, 2013

| Deposit Date | Time | Account # | Cash Deposit | Notes | Branch |
|---|---|---|---|---|---|
| Friday, March 30, 2012 | 2:08 PM | 446024591515 | 6,000.00 | **Consecutive Day** | W.Friendship |
| Thursday, April 12, 2012 | 2:55 PM | 446024591515 | 8,000.00 | | W.Friendship |
| Thursday, April 19, 2012 | 11:17 AM | 446024591515 | 8,000.00 | **Same Day/Separate Accounts** | W.Friendship |
| Thursday, April 19, 2012 | 11:19 AM | 446012142196 | 500.00 | **Same Day/Separate Accounts** | W.Friendship |
| Friday, April 20, 2012 | 4:12 PM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, April 23, 2012 | 10:13 AM | 446023661611 | 8,000.00 | | W.Friendship |
| Wednesday, April 25, 2012 | 9:56 AM | 446023661611 | 8,000.00 | | W.Friendship |
| Thursday, April 26, 2012 | 11:02 AM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, April 27, 2012 | 9:29 AM | 446023661611 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, April 30, 2012 | 10:28 AM | 446023661611 | 8,000.00 | | W.Friendship |
| Tuesday, May 01, 2012 | 3:22 PM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, May 02, 2012 | 9:54 AM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Thursday, May 03, 2012 | 10:02 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Tuesday, May 08, 2012 | 12:08 PM | 446023661611 | 8,000.00 | | W.Friendship |
| Wednesday, May 09, 2012 | 9:12 AM | 446023661611 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Thursday, May 10, 2012 | 1:17 PM | 446024591515 | 3,500.00 | **Consecutive Day** | W.Friendship |
| Friday, May 11, 2012 | 3:56 PM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, May 16, 2012 | 9:46 AM | 446024591515 | 8,000.00 | **Same Day/Separate Accounts** | W.Friendship |
| Wednesday, May 16, 2012 | 9:43 AM | 446012142206 | 1,000.00 | **Same Day/Separate Accounts** | W.Friendship |
| Thursday, May 17, 2012 | 9:04 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, May 18, 2012 | 9:17 AM | 446012142206 | 6,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, May 23, 2012 | 9:48 AM | 446024591515 | 3,000.00 | | W.Friendship |
| Thursday, May 31, 2012 | 12:09 PM | 446024591502 | 8,000.00 | | W.Friendship |

13-2249TJS ~ 13-2252TJS

**ATTACHMENT A**

**SCHEDULE OF CASH DEPOSITS**

Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446022180821 - KC Hair Outlet and Salon, Inc.
November 17, 2010 through April 29, 2013

| Deposit Date | Time | Account # | Cash Deposit | Notes | Branch |
|---|---|---|---|---|---|
| Monday, June 04, 2012 | 4:51 PM | 446024591515 | 8,000.00 | | W.Friendship |
| Tuesday, June 05, 2012 | 1:25 PM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, June 06, 2012 | 9:03 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Thursday, June 07, 2012 | 1:14 PM | 446024591515 | 8,000.00 | **Consecutive Day** | St. John's Plaza |
| Friday, June 08, 2012 | 9:55 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Thursday, June 21, 2012 | 1:48 PM | 446012142206 | 6,000.00 | | W.Friendship |
| Monday, June 25, 2012 | 4:14 PM | 446024591515 | 2,000.00 | | W.Friendship |
| Thursday, June 28, 2012 | 10:22 AM | 446024591502 | 8,000.00 | | W.Friendship |
| Friday, June 29, 2012 | 3:40 PM | 446024591502 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, July 02, 2012 | 10:45 AM | 446012142206 | 6,000.00 | | W.Friendship |
| Tuesday, July 10, 2012 | 9:51 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Wednesday, July 11, 2012 | 10:15 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Friday, July 20, 2012 | 4:32 PM | 446023661611 | 8,000.00 | | W.Friendship |
| Wednesday, August 01, 2012 | 2:47 PM | 446024591515 | 8,000.00 | | W.Friendship |
| Thursday, August 30, 2012 | 2:53 PM | 446024591515 | 8,000.00 | | W.Friendship |
| Wednesday, September 05, 2012 | 10:32 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Tuesday, September 18, 2012 | 9:20 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Friday, September 21, 2012 | 9:13 AM | 446023661611 | 8,000.00 | **Same Day/Separate Accounts** | W.Friendship |
| Friday, September 21, 2012 | 9:20 AM | 446012142196 | 500.00 | **Same Day/Separate Accounts** | W.Friendship |
| Monday, September 24, 2012 | 9:04 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Tuesday, September 25, 2012 | 3:22 PM | 446023661611 | 8,000.00 | **Consecutive Day** | St. John's Plaza |
| Wednesday, September 26, 2012 | 1:46 PM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Thursday, September 27, 2012 | 11:58 AM | 446024591502 | 8,500.00 | **Consecutive Day** | W.Friendship |

13-2249TJS — 13-2252TJS

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446022180821 - KC Hair Outlet and Salon, Inc.
November 17, 2010 through April 29, 2013

| Deposit Date | Time | Account # | Cash Deposit | Notes | Branch |
|---|---|---|---|---|---|
| Tuesday, October 02, 2012 | 9:08 AM | 446012142206 | 6,000.00 | | W.Friendship |
| Wednesday, October 03, 2012 | 11:45 AM | 446024591515 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Thursday, October 04, 2012 | 2:42 PM | 446012142206 | 6,000.00 | **Consecutive Day** | W.Friendship |
| Tuesday, October 09, 2012 | 9:15 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Wednesday, October 10, 2012 | 1:32 PM | 446024591502 | 7,000.00 | **Consecutive Day** | W.Friendship |
| Thursday, October 11, 2012 | 10:41 AM | 446012142206 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, October 15, 2012 | 9:22 AM | 446023661611 | 8,000.00 | | W.Friendship |
| Thursday, November 08, 2012 | 10:42 AM | 446024591515 | 6,000.00 | | W.Friendship |
| Friday, November 09, 2012 | 3:37 PM | 446012142206 | 4,500.00 | **Consecutive Day** | W.Friendship |
| Thursday, November 15, 2012 | 1:55 PM | 446012142206 | 7,000.00 | | Forty West |
| Monday, November 19, 2012 | 4:23 PM | 446024591502 | 8,000.00 | | W.Friendship |
| Tuesday, November 20, 2012 | 9:54 AM | 446024591502 | 6,000.00 | **Consecutive Day** | W.Friendship |
| Friday, December 07, 2012 | 10:06 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Thursday, December 27, 2012 | 11:13 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Monday, December 31, 2012 | 9:57 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Friday, January 11, 2013 | 9:03 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Tuesday, January 22, 2013 | 12:03 PM | 446024591515 | 6,000.00 | | W.Friendship |
| Tuesday, February 05, 2013 | 4:32 PM | 446024591515 | 8,000.00 | | W.Friendship |
| Tuesday, February 12, 2013 | 2:39 PM | 446023661611 | 1,000.00 | | W.Friendship |
| Tuesday, February 12, 2013 | 2:39 PM | 446012142196 | 1,000.00 | | W.Friendship |
| Friday, February 22, 2013 | 11:11 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Thursday, March 07, 2013 | 9:43 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Monday, March 11, 2013 | 3:10 PM | 446022180821 | 1,000.00 | | W.Friendship |

13-2249TJS~ 13-2252TJS

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
Bank of America Account 446024591515 - KC Hair Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142206 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446023661611 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446024591502 - KC Hair, Inc. (DBA-KC Hair Outlet)
Bank of America Account 446012142196 - KC Hair Outlet and Salon, Inc.
Bank of America Account 446022180821 - KC Hair Outlet and Salon, Inc.
November 17, 2010 through April 29, 2013

| Deposit Date | Time | Account # | Cash Deposit | Notes | Branch |
|---|---|---|---|---|---|
| Thursday, March 21, 2013 | 9:03 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Friday, March 22, 2013 | 9:56 AM | 446023661611 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Wednesday, April 10, 2013 | 9:11 AM | 446024591515 | 8,000.00 | | W.Friendship |
| Friday, April 12, 2013 | 2:40 PM | 446012142206 | 8,000.00 | **3-Day Period** | W.Friendship |
| Monday, April 15, 2013 | 11:40 AM | 446024591502 | 8,000.00 | | W.Friendship |
| Thursday, April 18, 2013 | 9:23 AM | 446012142206 | 8,000.00 | | W.Friendship |
| Friday, April 19, 2013 | 10:28 AM | 446024591502 | 8,000.00 | **Consecutive Day** | W.Friendship |
| Monday, April 29, 2013 | 2:43 PM | 446024591502 | 8,000.00 | | W.Friendship |
| | | | 1,457,800.00 | | |